Annie Irene **WENTZ**

v.

**UNITED STATES of America.**

Benjamin F. **WENTZ**

v.

**UNITED STATES of America.**

**Nos. 2870, 2871.**

United States District Court
E. D. Virginia,
Norfolk Division.
Feb. 1, 1960.

Gordon E. Campbell, Norfolk, Va., for plaintiffs.

John M. Hollis, U. S. Atty., Norfolk, Va., for defendant.

WALTER E. HOFFMAN, District Judge.

In these two actions, consolidated for the purpose of trial, plaintiffs seek damages for injuries and property damages under the Federal Tort Claims Act, 28 U.S.C.A. § 1346(b), sustained by reason of an automobile accident occurring near the Lynnhaven Bridge, Princess Anne County, Virginia, on May 9, 1958, when the automobile driven by Annie Irene Wentz, which was owned by Benjamin F. Wentz and in which he was riding as a passenger, was struck from the rear by a one-half ton pickup truck operated by John C. McCollum, a civilian employee of the United States Army, acting within the scope of his employment.

At the time of the accident there was considerable construction activity in the vicinity due to the erection of a new bridge running parallel with, and immediately adjacent to, the old bridge. Both vehicles were headed in a westerly direction. The accident took place on a clear day shortly prior to Noon. Automobiles approaching the old bridge were required to leave the main highway approximately 200–250 feet before reaching the bridge and travel on a dirt bypass. Vehicles then returned to the main highway and approached the bridge. Near

the middle of the bridge is a draw to permit small boats to enter the inland waters. A portion of the main highway is on filled land, and the bridge is indicated by concrete rails on both sides. At the very start of the concrete rails appears a neon sign with the words "Stop Ahead—Draw Open". As Mrs. Wentz approached the bridge, the light started to flash indicating that the draw was about to open. Several hundred feet further west on the bridge was a "Stop" sign. Normal course of travel would be for a vehicle to enter upon the bridge span and come to a stop in the vicinity of the "Stop" sign. Mrs. Wentz, however, observed the flashing light at the commencement of the bridge when about 175 feet from the sign, at which time she applied her brakes and came to a gradual stop at a point 50–75 feet from the "Stop Ahead—Draw Open" sign, while still in the traveled portion of the main highway. She has testified that, before applying her brakes, she looked in her rear view mirror and saw no traffic approaching. There is no contention that any other vehicle affected the movement of traffic.

■ If Mrs. Wentz looked in her rear view mirror, she was on notice of the fact that a vehicle could be on the dirt bypass only a few feet to the rear as she had just traversed this same bypass road. There is no evidence that any signal was given as required by § 46.1–216 of the Code of Virginia, and she was guilty of contributory negligence in failing to see that such movement could be made in safety. Mrs. Wentz likewise violated § 46.1–248 in that she stopped on a highway in such a manner as to impede or render dangerous the use of the highway by another.

■■ Counsel for Mrs. Wentz argues that the sign "Stop Ahead—Draw Open," erected by the Highway Department on a state bridge, served to confuse the operator, and that, by reason of her advanced age, she exercised reasonable care in coming to a complete stop approximately 50–75 feet prior to reaching the sign. Reasonable care is not measured by the age or ability of the operator, and the failure to adhere to the instructions appearing upon lawfully erected signs constitutes negligence which, if proximately resulting in the accident, bars the plaintiff's right to recover.

■ While the burden ordinarily rests upon the defendant to prove by a fair preponderance of the evidence that plaintiff is guilty of contributory negligence which proximately resulted in the accident, this burden is not upon the defendant where the contributory negligence is revealed by her own testimony, or may be fairly inferred from all the facts and circumstances of the accident. We need only to examine the testimony of Mrs. Wentz and her husband to reach the conclusion that Mrs. Wentz violated the statutes of Virginia in the respects as noted. It is also apparent that her contributory negligence was a proximate cause of the accident and, unless the doctrine of last clear chance is applicable, she cannot recover.

■ That the driver of the Government vehicle was likewise guilty of negligence cannot be seriously disputed. He was following the Wentz automobile more closely than was reasonable and prudent, having due regard to the speed of both vehicles and the traffic upon, and conditions of, the highway at the time. § 46.1–213(a). He likewise failed to maintain a proper lookout. Irrespective of his negligence, however, there is no showing of any last clear chance on the part of McCollum to avoid the accident. He testified that the Wentz car was proceeding slowly, probably 10 to 15 miles per hour, and that his speed was from 20 to 25 miles per hour. While the resulting damages point to a greater speed on the part of McCollum, he had the right to assume, until the contrary became (or should have become) apparent, that the Wentz vehicle would not stop on the highway before reaching the commencement of the bridge span, and the further right to assume that a signal would be given if a stop was contemplated. The fact that Mrs. Wentz was proceeding slowly further negatives the ap-

plication of the last clear chance doctrine as McCollum was lulled into a sense of security in the operation of his vehicle as it is certainly more difficult to determine when a slowly moving vehicle has stopped, than in the case of a rapidly moving car preceding the one required to make such a determination. He first observed the Wentz car when it was slightly more than 100 feet distant from the sign "Stop Ahead—Draw Open", at a time when McCollum was then approximately 150 feet to the rear. He saw the flashing sign and noted that the draw was about to open. He did not apply his brakes until approximately 25 feet to the rear of the Wentz automobile, when he then realized that it had stopped. Under the Virginia decisions this set of facts lacks the requirements of the last clear chance doctrine.

■ Having held that McCollum was guilty of negligence which was a proximate cause of the accident, we turn to the action instituted by Benjamin F. Wentz. He was the owner of the automobile and, according to information furnished the Court subsequent to argument, counsel have agreed that the property damage aggregates $350. Mr. Wentz's vision is somewhat impaired and, under Virginia law, it is clear that his wife's contributory negligence cannot be imputed to him. He exercised no dominion or control over the operation of the motor vehicle.

The injuries to Mr. Wentz are not serious. He was treated by his family physician, Dr. Woodley, from May 23, 1958, through the month of July[1]. There were, in all, about ten visits. Mr. Wentz had sustained a "whiplash" injury to the neck. It was a moderate type which required rest and some application of heat. When Mr. Wentz last visited Dr. Woodley in July, 1958, the physician expressed the opinion that he was better, but still had some pain.

■ Mr. Wentz was also examined by Dr. Duncan, an outstanding orthopedic surgeon, on November 18, 1958. He testified that the patient complained of headaches for several weeks following the accident and that they thereafter stopped. Dr. Duncan further said that Mr. Wentz, age 73, was suffering from advanced hypertrophic arthritis of the cervical spine, which is of the "wear and tear" type and not due to the injury. In his opinion the injury had aggravated the pre-existing arthritic condition and somewhat prolonged what would otherwise have been a normal recovery. The symptoms, with respect to the injury, will gradually improve and, in all probability, Mr. Wentz will fully recover but, because of his advanced age and the pre-existing condition, the prognosis is not certain.

For his pain, suffering, aggravation of the pre-existing condition and medical expense, Benjamin F. Wentz is entitled to an award of $1,800. Adding to this the property damage claim of $350 a judgment will be entered in No. 2871 in favor of the plaintiff, Benjamin F. Wentz, against the defendant, United States of America, for the sum of $2,150, plus costs, with interest as provided by law.

In No. 2870, Annie Irene Wentz against the United States of America, a judgment will be entered in favor of the Defendant, with costs assessed against the plaintiff.

In No. 2871, an allowance of 20% of the aforesaid $2,150 will be made to the attorney for the plaintiff, to be paid out of, but not in addition to, the total amount of said judgment.

The United States Attorney will prepare and present both judgment orders.

1. While the accident took place on May 9, 1958, both plaintiffs thought that their injuries were slight and did not visit a physician until May 23 when it was apparent that pains were to continue. This is not unusual when we consider the nature of the injuries.